# United States Court of Appeals
# for the District of Columbia Circuit

## No. 25-8002

In re: Bratya SPRL,

*In re - Petitioner.*

*On Petition for Interlocutory Appeal from an Order of the United States District Court for the District of Columbia, Hon. Trevor N. McFadden, District Judge*

# PLAINTIFF'S REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

PERETZ BRONSTEIN
YITZCHAK E. SOLOVEICHIK
EITAN KIMELMAN
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, New York 10165
(212) 697-6484
peretz@bgandg.com
soloveichik@bgandg.com
eitank@bgandg.com

OMAR JAFRI
CHRISTOPHER TOUREK
JOSHUA B. SILVERMAN
GENC ARIFI
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, Ilinois 60603
(312) 377-1181
ojafri@pomlaw.com
ctourek@pomlaw.com
jbsilverman@pomlaw.com
garifi@pomlaw.com

– and –

JEREMY A. LIEBERMAN
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
(212) 661-1100
jalieberman@pomlaw.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the proposed Class*

*(For Continuation of Appearances See Inside Cover)*

CP COUNSEL PRESS   (800) 4-APPEAL • (624570)

STEVEN J. TOLL
DANIEL S. SOMMERS
JAN E. MESSERSCHMIDT
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W., 5th Floor
Washington, D.C. 20005
(202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff
    Bratya SPRL and for the proposed Class*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................i

TABLE OF AUTHORITIES.................................................................. ii

INTRODUCTION ................................................................................1

ARGUMENT .......................................................................................2

    I.     Cohen Fails to Show an Absence of Unsettled and Important Issues of Law Likely to Evade Review ...........................................................2

    II.    Reversible Errors Were Committed Under Any Standard..........................6

CONCLUSION ................................................................................. 11

CERTIFICATE OF COMPLIANCE ...................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Artis v. Yellen*,
　307 F.R.D. 13 (D.D.C. 2014) ................................................................10

*Erica P. John Fund, Inc. v. Halliburton Co.* ("*Halliburton I*"),
　563 U.S. 804 (2011) .............................................................................6

*Erica P. John Fund, Inc. v. Halliburton Co.*,
　718 F.3d 423 (5th Cir. 2013) ..............................................................11

*Ferris v. Wynn Resorts Ltd.*,
　No. 2:18-cv-00479-APG-DJA, 2023 U.S. Dist. LEXIS 35374
　(D. Nev. Mar. 1, 2023) ..........................................................................4

*Glickenhaus & Co. v. Household Intern., Inc.*,
　787 F.3d 408 (7th Cir. 2015) ..............................................................11

*Halliburton Co. v. Erica P. John Fund, Inc.* ("*Halliburton II*"),
　573 U.S. 258 (2014) ...............................................................2, 4, 9, 11

*Harris v. Med. Transp. Mgmt., Inc.*,
　77 F.4th 746 (D.C. Cir. 2023) ...............................................................3

*In re Apple Sec. Litig.*,
　No. 4:19-cv-2033-YGR, 2022 U.S. Dist. LEXIS 23771
　(N.D. Cal. Feb. 4, 2022) ........................................................................3

*In re Brewer*,
　863 F.3d 861 (D.C. Cir. 2017) ...............................................................2

*In re D.C.*,
　792 F.3d 96 (D.C. Cir. 2015) .................................................................6

*In re Harman Int'l Indus., Inc. Sec. Litig.*,
　791 F.3d 90 (D.C. Cir. 2015) .................................................................4

*In re Johnson,*
760 F.3d 66 (D.C. Cir. 2014) ...............................................................5

*In re PolyMedica Corp. Sec. Litig.,*
432 F.3d 1 (1st Cir. 2005) ....................................................................8

*In re PolyMedica Corp. Sec. Litig.,*
453 F. Supp. 2d 260 (D. Mass. 2006) ..........................................8, 9, 10

*In re Vivendi, S.A. Sec. Litig.,*
838 F.3d 223 (2d Cir. 2016) ...............................................................11

*In re White,*
64 F.4th 302 (D.C. Cir. 2023) ...........................................................2, 3

*Lienhart v. Dryvit Sys.,*
255 F.3d 138 (4th Cir. 2001) ................................................................6

*Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.,*
762 F.3d 1248 (11th Cir. 2014) ............................................................8

*Ludlow v. BP, P.L.C.,*
800 F.3d 674 (5th Cir. 2015) .............................................................3, 4

*McCarthy v. Kleindienst,*
741 F.2d 1406 (D.C. Cir. 1984) ...........................................................6

*McIntire v. China MediaExpress Holdings, Inc.,*
38 F. Supp. 3d 415 (S.D.N.Y. 2014) ...................................................10

*Shupe v. Rocket Cos.,*
No. 1:21-cv-11528, 2024 U.S. Dist. LEXIS 178076
(E.D. Mich. Sep. 30, 2024) ...................................................................2

*Unger v. Amedisys Inc.,*
401 F.3d 316 (5th Cir. 2005) ................................................................9

*United States v. Microsoft Corp.,*
253 F.3d 34 (D.C. Cir. 2001) ................................................................6

iii

**Statutes and Rules**

Fed. R. Civ. P. 23 .................................................................................................. 11

Section 20A of the Securities Exchange Act of 1934 ............................................... 5

## INTRODUCTION

The decision below found certification "presents a novel question." A-2119. Ryan Cohen ("Cohen") does not show otherwise, and refuses to acknowledge the decision's divergence from other courts. Denial of certification forecloses relief for the Class, and the issues are likely to evade end-of-the-case review because—win or lose—adequacy and typicality are imperiled as the Court has persuasively explained. Cohen does not address this. In denying that the merits were decided, Cohen also does not address the plain language of the Orders determining the "more likely cause" of the decline in BBBY's stock price. A-2118, A-2472.

Definitively reversible errors are always manifestly erroneous, and plenty were committed here. *Cammer* and *Krogman* were applied in a manner that is directly at odds with nearly 40 years of precedent. *See* Plf.'s Supp. Ex. Except for a handful of lower court outliers in tension with subsequent Supreme Court precedent, no court has denied class certification when, like here, virtually every *Cammer*/*Krogman* factor is uncontested. *Id.* at p. 10. Cohen's denial of his concession of price impact lacks credibility. That evidence alone is sufficient to show predominance under direct Supreme Court precedent.

Accordingly, Plaintiff respectfully requests the Court to grant the petition and reverse the Orders.

# ARGUMENT

## I. Cohen Fails to Show an Absence of Unsettled and Important Issues of Law Likely to Evade Review

Cohen claims the Orders are not "novel," Cohen's Opposition (hereafter, "Opp.") at 10-11, but the lower court found this case "presents a novel question." A-2119; *see In re Brewer*, 863 F.3d 861, 875 (D.C. Cir. 2017) (suggesting that novel issues can be subject to interlocutory review). Nor can Cohen credibly dispute that division exists. Opp. at 12. In *Shupe v. Rocket Cos.*, Supreme Court precedent was applied to find that the ***Basic presumption could be invoked*** because ***meme stock investors*** were just like value investors. 2024 U.S. Dist. LEXIS 178076, *52-68 (E.D. Mich. Sep. 30, 2024) (citing *Halliburton Co. v. Erica P. John Fund, Inc.* ("*Halliburton II*"), 573 U.S. 258, 273 (2014)). Here, the decision assumed that meme stock investors were manipulators undeserving of the *Basic* presumption without basis. A-2104.[1] This split is sufficient to show the federal courts are divided on a "fundamental issue of law relating to class actions." *In re White*, 64 F.4th 302, 309-10 (D.C. Cir. 2023). Division based on differing interpretations of Supreme

---

[1] *Shupe* ultimately denied class certification because the defendant proved a complete absence of price impact. 2024 U.S. Dist. LEXIS 178076, *68-77. But that is not relevant here because both experts found price impact, and the lower court agreed that Daniel Fischel ("Fischel") "did not show an absence of price impact" for the corrective disclosure. A-2118; Plf.'s Petition (hereafter, "Pet.") at 17-22.

Court precedent makes interlocutory review particularly appropriate, especially since neither the Court nor any other Circuit has spoken.

Cohen's arguments on recurrence are unfounded. Opp. at 12. "[F]requency" establishes recurrence, and Cohen does not dispute that the same issues have appeared, and will continue to appear in other litigation. *See Harris v. Med. Transp. Mgmt., Inc.*, 77 F.4th 746, 757 (D.C. Cir. 2023).

Next, Cohen misconstrues precedents on end-of-the-case review. Opp. at 12-13. Denial of class certification is "dispositive" and "foreclose[s] a class action." *White*, 64 F.4th at 312. Cohen has no incentive to appeal the denial. *Id.* at 311 n.2. And as the Court aptly observed in *White*, typicality and adequacy concerns are "likely" to prevent end-of-the-case review regardless of the ultimate outcome. *Id.* at 310-12.

Cohen also mischaracterizes the improper loss causation finding. Opp. at 12-14. Both experts' determination of price impact was disregarded, A-2118, because the mere liquidation of Cohen's stake and the dissipation of a "rumored" short squeeze were found "more likely" causes of the price decline. *Id.*, A-2472. Consideration of price impact, even assuming overlap, does not permit making findings on causation. *See, e.g., In re Apple Sec. Litig.*, 2022 U.S. Dist. LEXIS 23771, *27-28 (N.D. Cal. Feb. 4, 2022) ("Claims that other factors also contributed in part to the price drop are insufficient to rebut the *Basic* presumption."); *Ludlow v.*

*BP, P.L.C.*, 800 F.3d 674, 688-89 (5th Cir. 2015) (explaining why this approach would "vitiate" Supreme Court precedent); *Ferris v. Wynn Resorts Ltd.*, 2023 U.S. Dist. LEXIS 35374, *23-24 (D. Nev. Mar. 1, 2023) (rejecting similar misreading of Supreme Court precedent).

The loss causation ruling also contravenes well-settled law and record evidence. "Liquidation" of Cohen's stake revealed that he was not dedicated to his turnaround strategy or confident that BBBY's stock price was headed to the moon as he misrepresented days earlier. It is clearly "related" to the same subject matter as his false statements. *See In re Harman Int'l Indus., Inc. Sec. Litig.*, 791 F.3d 90, 111 (D.C. Cir. 2015). That is all the law requires. *Id.* Regardless, record evidence established that investors rapidly became aware of the corrective disclosure and traded thereon by dumping BBBY shares. That fits the Supreme Court's definition of efficiency like a glove. *See Halliburton II*, 573 U.S. at 272 (*Basic* reflects a "modest premise" that "market professionals generally consider most publicly announced material statements about companies, thereby affecting stock market prices"). Matthew Cain's ("Cain") merits reports prove that the corrective disclosure caused BBBY's stock price to decline without any intervening cause or confounding information. A-2285-95, A-2433-46. In contrast, Fischel's merits report repackages the same nonsensical claims he made about market efficiency, fails to explain why news of Cohen's dump was not corrective, and improperly proffers legal

conclusions. A-2177-88. Plaintiff has no reason to "suspect" that evidence of loss causation is insufficient to defeat Cohen at trial. Opp. at 13-14.

Cohen does not challenge that denial of certification for Plaintiff's Section 20A claim presents unsettled, recurring issues of law that will evade end-of-the-case review. Instead, he misstates that Plaintiff "levelled its Section 20A argument for the first time" upon reconsideration. Opp. at 17. Not so. Cain's class certification report addressed Section 20A damages, A-264-67, and Plaintiff's motion sought certification for the 20A claim, explaining why individual issues do not predominate for computing damages, A-346. Cohen did not oppose certification for this claim or argue that Section 20A requires reliance. A-351-99. Instead, he now argues that reliance should be grafted as a new element onto Section 20A because Plaintiff did not argue otherwise. Opp. at 17. That is the exact opposite of how waiver works. On substance, the plain language of the statute speaks of "violations," not private causes of action that require reliance. The government's longstanding ability to prosecute such "violations" without showing reliance demonstrates that a "violation" of Section 10(b) does not require proof of reliance, so Plaintiff's interpretation is correct. Pet. at 8-10.

Nothing Cohen cites supports the Petition's denial. In *In re Johnson*, the government claimed it faced a "death knell situation," but had unlimited resources and litigated the case for over 14 years. 760 F.3d 66, 71-72 (D.C. Cir. 2014). Cohen

also manufactures quotes absent in the Court's decisions in *McCarthy v. Kleindienst*, 741 F.2d 1406, 1410 (D.C. Cir. 1984), and *United States v. Microsoft Corp.*, 253 F.3d 34, 100-101 (D.C. Cir. 2001). Opp. at 11. *McCarthy* stated only that district courts are "well situated to make class certification decisions," 741 F.2d at 1410, and *Microsoft* upheld use of summary witnesses in a bench trial, 253 F.3d at 101. Neither case addresses the posture here nor weighs against interlocutory review.

## II. Reversible Errors Were Committed Under Any Standard

Cohen regards the manifest error prong as an impossible standard, but definitively reversible errors suffice. *See, e.g., Lienhart v. Dryvit Sys.*, 255 F.3d 138, 145-46 (4th Cir. 2001) (holding that errors certain to be vacated on direct appeal are manifestly erroneous). In violation of Supreme Court precedent, the causes for the decline in BBBY's stock price were determined though that merits ruling is reversible too. *Compare* A-2117-18 and A-2470-71 *with Erica P. John Fund, Inc. v. Halliburton Co.* ("*Halliburton I*"), 563 U.S. 804, 812-13 (2011) (holding that whether a misrepresentation caused losses "has nothing to do with" reliance, and rejecting a similar attempt to conflate loss causation and price impact). *See also In re D.C.*, 792 F.3d 96, 99 (D.C. Cir. 2015) (holding that ignoring controlling authority is manifestly erroneous).

Numerous other "plain and indisputable" errors exist and "credible evidence in the record" was ignored too. *In re D.C.*, 792 F.3d at 97-98. Cohen misleadingly

claims that the lower court found that *Cammer* factors #2-4 were met, but omits that the Orders ignored that *Cammer* factors #1-4 **carried through the Class Period**. Pet. at 11-12.

As for *Cammer* #1 (volume), the analysis was turned on its head, and extremely high volume was treated as a sign of inefficiency. That directly contravened *Cammer* and its progeny. It also did violence to record evidence, which proved that Cohen's communications with meme stock investors in early August 2022 were what drove up price and volume. Pet. at 12-13. Cohen erroneously claims his August 5, 2022 tweet had nothing to do with BBBY, Opp. at 7 n.2, but thousands of investors understood the tweet as encouragement to buy BBBY's securities. A-59-61, ¶¶139-45. Cohen further stoked the market with an August 10, 2022 tweet of a purple heart emoji expressing support for meme stock investors and hostility to short sellers, ECF No. 123 at 5 n.2[2], A-1961 n.6, and with his misleading Class Period SEC filings, A-68-74, ¶¶160-76. The assumption that a rise in volume occurred for no reason whatsoever is at war with the record. A-2079-80, A-2102.

To defend the erroneous decision, Cohen claims that certification can be denied even if all *Cammer* and *Krogman* factors are satisfied. Opp. at 16. No cited case supports this remarkable proposition, and nearly forty years of precedent

---

[2] This is a citation to Plaintiff's response to Cohen's motion seeking a sur-reply. Briefing for this motion was excluded from the Appendix because Cohen largely made improper arguments to have the last word in brazen violation of the rules.

demonstrates otherwise. *See* Plf.'s Supp. Ex. Indeed, the cases Cohen cites only highlight that the Orders are an extreme aberration. In *Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, the Eleventh Circuit held that *Cammer* #2-4 indicated efficiency, and event studies pursuant to *Cammer* #5 are not required, observing that no event study was before the *Cammer* court. 762 F.3d 1248, 1256 (11th Cir. 2014). Here, the prescribed requirements for *Cammer* #1-4 were all satisfied but disregarded, and *Cammer* #5 was treated as a requirement. A-2098-105, A-2110-15. *Regions* also observed that consideration of materiality is inappropriate at class certification, and that price impact can properly be determined on anecdotal evidence. 762 F.3d at 1257 & n.6. Here, the district court insisted on proof of materiality (which it mislabeled "value relevance"), A-2115, and disregarded price impact obvious to the naked eye. A-2118 (ignoring an 18% intraday move (A-1670-71, Tr. at 51:14-25-52:1-12)—higher than most stocks move in a year—because of a misplaced need for "statistical rigor").

In *In re PolyMedica Corp. Sec. Litig.*, the First Circuit acknowledged that efficiency requires only that prices reflect publicly available information, and warned that considering fundamental value risks turning class certification "into a mini-trial on the merits, which must not happen." 432 F.3d 1, 16-17, 19 (1st Cir. 2005). Here, investor reaction to Cohen's statements was disregarded, and presumed short-selling constraints were overstressed, A-2106-09. *See In re PolyMedica Corp.*

8

*Sec. Litig.*, 453 F. Supp. 2d 260, 276 (D. Mass. 2006) (explaining that short-selling constraints address "fundamental value efficiency").

In *Unger v. Amedisys Inc.*, the Fifth Circuit held that market efficiency for heavily traded stocks (like BBBY) "will not even be an issue," and all *Cammer* factors and expert testimony are not required. 401 F.3d 316, 322 (5th Cir. 2005). It faulted the lower court for not analyzing volume consistent with *Cammer* #1, because volume "suggests the presence of active, informed investors," and for ignoring multiple *Cammer/Krogman* factors. *Id.* at 322-25 & n.6, n.7. The decision below disregarded that virtually all the *Cammer/Krogman* factors were satisfied during the Class Period, and its upside-down approach to *Cammer* #1 defied nearly 40 years of precedent. A-2098-105. In *Unger*, the Fifth Circuit also warned courts to avoid a "battle of the experts," 401 F.3d at 323 n.6, but the lower court here indulged one when it capriciously discarded Cain's studies, and instead credited Fischel's flawed approach that has been condemned by academics and the federal courts. Pet. at 17-20.

Cohen also incorrectly asserts that "***district courts*** have reached much the same conclusion as the district court here." Opp. at 16-17 (emphasis added); *but see* Plf.'s Supp. Ex. Cohen cites one outlier case that cannot be squared with subsequent Supreme Court precedent clarifying that market efficiency requires only that public representations affect stock prices. *Compare Halliburton II*, 573 U.S. at 271-72 *with*

*Polymedica*, 453 F. Supp. 2d at 272-73 (justifying excessive reliance on fundamental efficiency). *Polymedica*'s analysis has been distinguished or rejected by virtually every court to address it, *see, e.g.*, *McIntire v. China MediaExpress Holdings, Inc.*, 38 F. Supp. 3d 415, 432 (S.D.N.Y. 2014), and has no application here.

There, the plaintiff's expert failed to conduct a proper event study, which Cain did here twice. *Polymedica*, 453 F. Supp. 2d at 270. Autocorrelation also signaled inefficiency there, but was proved not to exist here. *Compare id.* at 276-78 *with* A-249-51, ¶¶95-99. Unlike Cohen, the defendants in *Polymedica* proved short-selling constraints existed. 453 F. Supp. 2d at 273-76. Cohen could not prove that even a single short-seller was unable to borrow shares, and Fischel's principal metric—the short-interest utilization rate—was exposed at the hearing as an unreliable indicator of constraints with no repeatable relationship to volume or price. A-1744-56, Tr. at 125:25-137:25. Fischel then impermissibly pivoted to new opinions that were equally unfounded. Pet. at 15-17; *see Artis v. Yellen*, 307 F.R.D. 13, 22 (D.D.C. 2014) (ruling that new opinions offered after close of class discovery violated Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37).

Cohen barely addresses his burden to prove a complete absence of price impact, Opp. at 7, and again fails to explain how his false SEC filings are "mismatched" with the corrective disclosure. He notes in passing that Fischel challenged the August 12th tweet, but he does not contest that Fischel found price

impact on August 16, 2022 at the 90% confidence level or at the statistically significant level (95%) upon news of the corrective disclosure. A-1950-56; Pet. at 20-22. Cohen's attempt to concoct a requirement of front-end price impact for every single misrepresentation has been routinely rejected. *See, e.g.*, *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 259 (2d Cir. 2016) (holding that defendants "cannot avoid liability for an alleged misstatement merely because the misstatement is not associated with an uptick in inflation."); *Glickenhaus & Co. v. Household Intern., Inc.*, 787 F.3d 408, 418 (7th Cir. 2015) (same); *Erica P. John Fund, Inc. v. Halliburton Co.*, 718 F.3d 423, 434 (5th Cir. 2013) ("Price impact can be shown either by an increase in price following a fraudulent public statement or a decrease in price following a revelation of the fraud."), *vacated and remanded on other grounds by Halliburton II*, 573 U.S. at 282-83. While Cain's studies showed price impact for everything, Cohen's concessions alone are enough to certify the Class. *See Halliburton II*, 573 U.S. at 283 (holding that evidence of price impact is sufficient to demonstrate predominance under Rule 23 because market efficiency is merely an indirect proxy for price impact).

## CONCLUSION

For these reasons, the Court should grant the petition and reverse.

Dated: April 4, 2025                     Respectfully submitted,

                                         /s/ *Omar Jafri*
                                         Omar Jafri

**POMERANTZ LLP**
Joshua B. Silverman
Omar Jafri
Christopher P.T. Tourek
Genc Arifi
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 377-1184
Email: jbsilverman@pomlaw.com
        ojafri@pomlaw.com
        ctourek@pomlaw.com
        garifi@pomlaw.com

        *-and-*

Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com

*Counsel for Lead Plaintiff Bratya SPRL and
Co-Lead Counsel for the proposed Class*


**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**

Peretz Bronstein
Yitzchak E. Soloveichik
Eitan Kimelman
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
Email: peretz@bgandg.com
        soloveichik@bgandg.com

eitank@bgandg.com

*Counsel for Lead Plaintiff Bratya SPRL and Co-Lead Counsel for the proposed Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll
Daniel S. Sommers
Jan E. Messerschmidt
1100 New York Avenue, N.W., Fifth Floor Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
Email: stoll@cohenmilstein.com
        dsommers@cohenmilstein.com
        jmesserschmidt@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff Bratya SPRL and for the proposed Class*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1):

  _X_ this document contains 2,597 words, **or**
  ___ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.


2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

  _X_ this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 font size and Times New Roman style, **or**
  ___ this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

/s/ *Omar Jafri*
Omar Jafri

**POMERANTZ LLP**
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181

## CERTIFICATE OF SERVICE

I hereby certify that, on April 4, 2025, I caused a true and correct copy of the foregoing Reply in Support of Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f) to be filed with the Clerk of the Court using the CM/ECF System, which will send notice of such filings to all registered CM/ECF users.

/s/ *Omar Jafri*
Omar Jafri

**POMERANTZ LLP**
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181

# Plaintiff's Supplemental Exhibit

| Title | Court (Year Decided) | Citation | Outcome | Cammer 1 - Weekly Trading Volume | Cammer 2 - Coverage by Securities Analysts | Cammer 3 - Market Makers and Arbitrageurs | Cammer 4 - SEC Form S-3 Eligibility | Cammer 5 - Cause-and-Effect Relationship | Krogman 1 - Market Capitalization | Krogman 2 - Bid-Ask Spread | Krogman 3 - Percentage of stock not held by insiders |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Borteanu v. Nikola Corporation | D. Ariz. (2025) | 348 F.R.D. 239 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re Cassava Sciences, Inc. Securities Litigation | W.D. Tex. (2024) | 2024 WL 4824243 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Hacker v. Electric Last Mile Solutions Inc. | D.N.J. (2024) | 2024 WL 5102696 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Venkataraman v. Kandi Technologies Group, Inc. | S.D.N.Y. (2024) | 2024 WL 4345571 | Granted in part | Y | Y | Y | Y | Y | Y | Y | Y |
| Sayce v. Forescout Technologies, Inc. | N.D. Cal. (2024) | 2024 WL 2750003 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Sjunde AP-Fonden v. Goldman Sachs Group, Inc. | S.D.N.Y. (2024) | 2024 WL 1497110 | Granted in part | Y | Y | Y | Y | Y | Y | Y | Y |
| In re FibroGen Securities Litigation | N.D. Cal. (2024) | 2024 WL 1064665 | Granted in part | Y | Y | Y | Y | Y | Y | Y | Y |
| Hall v. Johnson & Johnson | D.N.J. (2023) | 2023 WL 9017023 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Indiana Public Retirement System v. Pluralsight, Inc. | D. Utah (2023) | 2023 WL 8936277 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Delaware County Employees Retirement System v. Cabot Oil & Gas Corporation | S.D. Tex. (2023) | 2023 WL 6300569 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Ramirez v. Exxon Mobil Corporation | N.D. Tex. (2023) | 2023 WL 5415315 | Granted in part | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Gelt Trading Ltd. v. Co-Diagnostics, Inc. | D. Utah (2023) | 2023 WL 5334623 | Granted in part | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re NIO, Inc. Securities Litigation | E.D.N.Y. (2023) | 2023 WL 5048615 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Industriens Pensionsforsikring A/S v. Becton, Dickinson and Company | D.N.J. (2023) | 2023 WL 4981716 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| In re FirstEnergy Corp. Securities Litigation | S.D. Ohio (2023) | 2023 WL 2709373 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re Apple Inc. Securities Litigation | N.D. Cal. (2023) | 2023 WL 2763952 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| In re Qualcomm Incorporated Securities Litigation | S.D. Cal. (2023) | 2023 WL 2583306 | Granted in part | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Bond v. Clover Health Investments, Corp. | M.D. Tenn. (2023) | 2023 WL 1999859 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Synchrony Financial Securities Litigation | D. Conn. (2023) | 2023 WL 1503032 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |

**Cases where class certification was granted and all five Cammer Factors were met**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Allegheny County Employees' Retirement System v. Energy Transfer LP | E.D. Pa. (2022) | 623 F.Supp.3d 470 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| City of Sunrise Firefighters' Pension Fund v. Oracle Corporation | N.D. Cal. (2022) | 2022 WL 1459567 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Junge v. Geron Corporation | N.D. Cal. (2022) | 2022 WL 1002446 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re Apple Inc. Securities Litigation | N.D. Cal. (2022) | 2022 WL 354785 | Granted (as to stock holders) | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| In re Myriad Genetics, Inc. Securities Litigation | D. Utah (2021) | 2021 WL 5882259 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Mulderrig v. Amyris, Inc. | N.D. Cal. (2021) | 340 F.R.D. 575 | Granted in part | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| In re BofI Holding, Inc. Securities Litigation. | S.D. Cal. (2021) | 2021 WL 3742924 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Brokop v. Farmland Partners Inc. | D. Colo. (2021) | 2021 WL 4916240 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Pelletier v. Endo International PLC | E.D. Pa. (2021) | 338 F.R.D. 446 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Hawaii Structural Ironworkers Pension Trust Fund, Inc. v. AMC Entertainment Holdings, Inc. | S.D.N.Y. (2021) | 338 F.R.D. 205 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Cosby v. KPMG, LLP | E.D. Tenn. (2021) | 2021 WL 1828114 | Granted | N/A | N/A | N/A | N/A | Y | N/A | N/A | N/A |
| In re Global Brokerage, Inc. | S.D.N.Y. (2021) | 2021 WL 1160056 | Granted (as to stock holders) | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Pope v. Navient Corp. | D.N.J. (2021) | 2021 WL 926611 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Teva Securities Litigation | D. Conn. (2021) | 2021 WL 872156 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Pearlstein v. BlackBerry Limited | S.D.N.Y. (2021) | 2021 WL 253453 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Police Retirement System of St. Louis v. Granite Construction Incorporated | N.D. Cal. (2021) | 2021 WL 229310 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re Celgene Corporation Securities Litigation | D.N.J. (2020) | 2020 WL 8870665 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Dougherty v. Esperion Therapeutics, Inc. | E.D. Mich. (2020) | 2020 WL 6793326 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re Zillow Group, Inc. Securities Litigation | W.D. Wash. (2020) | 2020 WL 6318692 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| In re CenturyLink Sales Practices and Securities Litigation | D. Minn. (2020) | 337 F.R.D. 193 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Public Employees' Retirement System of Mississippi v. TreeHouse Foods, Inc. | N.D. Ill. (2020) | 2020 WL 919249 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Novo Nordisk Securities Litigation | D.N.J. (2020) | 2020 WL 502176 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |

| Case | Court (Year) | Citation | Outcome | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Weiner v. Tivity Health, Inc. | M.D. Tenn. (2020) | 334 F.R.D. 123 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Vrakas v. United States Steel Corporation | W.D. Pa. (2019) | 2019 WL 7372041 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Lord Abbett Affiliated Fund, Inc. v. Navient Corporation | D. Del. (2020) | 2020 WL 5026553 | Granted (as to stock holders) | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Middlesex County Retirement System v. Semtech Corp. | C.D. Cal. (2010) | 2010 WL 11507255 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re UTStarcom, Inc. Securities Litigation | N.D. Cal. (2010) | 2010 WL 1945737 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| In re Countrywide Financial Corp. Securities Litigation | C.D. Cal. (2009) | 273 F.R.D. 586 | Granted in part | Y | N/A | Y | N/A | Y | Y | Y | N/A |
| In re Juniper Networks, Inc. Securities Litigation | N.D. Cal. (2009) | 264 F.R.D. 584 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re HealthSouth Corp. Securities Litigation | N.D. Ala. (2009) | 261 F.R.D. 616 | Granted | Y | Y | Y | Y | Y | Y | N/A | N/A |
| Connecticut Retirement Plans and Trust Funds v. Amgen, Inc. | C.D. Cal. (2009) | 2009 WL 2633743 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Fogarazzo v. Lehman Bros., Inc. | S.D.N.Y. (2009) | 263 F.R.D. 90 | Granted | Y | Y | Y | N/A | Y | N/A | N/A | N/A |
| In re HealthSouth Corp. Securities Litigation | N.D. Ala. (2009) | 257 F.R.D. 260 | Granted in part | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Boston Scientific Corp. Securities Litigation | D. Mass. (2009) | 604 F.Supp.2d 275 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Infineon Technologies AG Securities Litigation | N.D. Cal. (2009) | 266 F.R.D. 386 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Credit Suisse-AOL Securities Litigation | D. Mass. (2008) | 253 F.R.D. 17 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Nature's Sunshine Product's Inc. Securities Litigation | D. Utah (2008) | 251 F.R.D. 656 | Granted in part | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Alstom SA Securities Litigation | S.D.N.Y. (2008) | 253 F.R.D. 266 | Granted in part | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Parmalat Securities Litigation | S.D.N.Y. (2008) | 2008 WL 3895539 | Granted in part | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re DVI Inc. Securities Litigation | E.D. Pa. (2008) | 249 F.R.D. 196 | Granted | Y | Y | N/A | Y | Y | Y | N/A | Neutral |
| Wagner v. Barrick Gold Corp. | S.D.N.Y. (2008) | 251 F.R.D. 112 | Granted | Y | Y | Y | N/A | Y | N/A | N/A | N/A |
| In re Scientific-Atlanta, Inc. Securities Litigation | N.D. Ga. (2007) | 571 F.Supp.2d 1315 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re Recoton Corp. Securities Litigation | M.D. Fla. (2006) | 248 F.R.D. 606 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Enron Corp. Securities | S.D. Tex. (2006) | 529 F.Supp.2d 644 | Granted in part | Y | Y | N/A | Y | Y | N/A | N/A | N/A |
| In re Accredo Health, Inc. Securities Litigation | W.D. Tenn. (2006) | 2006 WL 1716910 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |

| Case | Court (Year) | Citation | Disposition | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| In re Retek Inc. Securities Litigation | D. Minn. (2006) | 236 F.R.D. 431 | Granted | Y | Y | Y | Y | N | N/A | N/A | N/A |
| AAL High Yield Bond Fund v. Ruttenberg | N.D. Ala. (2005) | 229 F.R.D. 676 | Granted in part | Y | N/A | Y | Y | Y | N/A | Y | N/A |
| Oscar Private Equity Investments v. Holland | N.D. Tex. (2005) | 2005 WL 877936 | Granted | Y | Y | Y | Y | Y | Y | N/A | Y |
| In re Dynegy, Inc. Securities Litigation | S.D. Tex. (2005) | 226 F.R.D. 263 | Granted in part | Y | Y | Y | N/A | N/A | N/A | N/A | N/A |
| Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc. | N.D. Cal. (2004) | 2004 WL 5326262 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Bovee v. Coopers & Lybrand | S.D. Ohio (2003) | 216 F.R.D. 596 | Granted | Y | N/A | N/A | N/A | N/A | N/A | N/A | Y |
| Tatz v. Nanophase Technologies Corp. | N.D. Ill. (2003) | 2003 WL 21372471 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Castillo v. Envoy Corp. | M.D. Tenn. (2002) | 206 F.R.D. 464 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Resource America Securities Litigation | E.D. Pa. (2001) | 202 F.R.D. 177 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Levine v. SkyMall, Inc. | D. Ariz. (2001) | 2001 WL 37118873 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Weikel v. Tower Semiconductor Ltd. | D.N.J. (1998) | 183 F.R.D. 377 | Granted in part | Y | Y | Y | N/A | N/A | Y | N/A | Y |
| In re Laidlaw Securities Litigation | E.D. Pa. (1992) | 1992 WL 68341 | Granted in part | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Amerifirst Securities Litigation | S.D. Fla. (1991) | 139 F.R.D. 423 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re JPMorgan Chase & Co. Securities Litigation | S.D.N.Y. (2015) | 2015 WL 10433433 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re Williams Securities Litigation | N.D. Okla. (2006) | 2006 WL 8439136 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| City of Ann Arbor Employees' Retirement System v. Sonoco Products Co. | D.S.C. (2010) | 270 F.R.D. 247 | Granted | Y | Y | Y | N/A | N/A | N/A | Y | N/A |
| Middlesex County Retirement System v. Semtech Corp. | C.D. Cal. (2010) | 2010 WL 11507255 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Hodges v. Akeena Solar, Inc. | N.D. Cal. (2011) | 274 F.R.D. 259 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Pfizer Inc. Securities Litigation | S.D.N.Y. (2012) | 282 F.R.D. 38 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Wilkof v. Caraco Pharmaceutical Laboratories, Ltd. | E.D. Mich. (2012) | 280 F.R.D. 332 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Schering-Plough Corporation/ENHANCE Securities Litigation | D.N.J. (2012) | 2012 WL 4482032 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Merck & Co., Inc., Vytorin/Zetia Securities Litigation | D.N.J. (2012) | 2012 WL 4482041 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |

| Case | Court (Year) | Citation | Disposition | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Smilovits v. First Solar, Inc. | D. Ariz. (2013) | 295 F.R.D. 423 | Granted | Y | Y | Partly | Y | Y | N/A | N/A | N/A |
| Buttonwood Tree Value Partners, LP v. Sweeney | C.D. Cal. (2013) | 2013 WL 12125980 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Plumbers & Pipefitters Nat. Pension Fund v. Burns | N.D. Ohio (2013) | 967 F.Supp.2d 1143 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Heckmann Corp. Securities Litigation | D. Del. (2013) | 2013 WL 2456104 | Granted | N/A | N/A | N/A | N/A | Y | N/A | N/A | N/A |
| Plumbers & Pipefitters Nat. Pension Fund v. Burns | N.D. Ohio (2013) | 292 F.R.D. 515 | Granted in part | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| In re Diamond Foods, Inc., Securities Litigation | N.D. Cal. (2013) | 295 F.R.D. 240 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Winstar Communications Securities Litigation | S.D.N.Y. (2013) | 290 F.R.D. 437 | Granted | Mixed | Y | Y | Y | Y | Y | N/A | N/A |
| In re Merck & Co., Inc. Securities, Derivative & ERISA Litigation | D.N.J. (2013) | 2013 WL 396117 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| In re Computer Sciences Corp. Securities Litigation | E.D. Va. (2012) | 288 F.R.D. 112 | Granted | Y | Y | Y | N/A | Y | N/A | N/A | N/A |
| Loritz v. Exide Technologies | C.D. Cal. (2015) | 2015 WL 6790247 | Granted in part | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Brown v. China Integrated Energy Inc. | C.D. Cal. (2015) | 2015 WL 12720322 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Aranaz v. Catalyst Pharmaceutical Partners Inc. | S.D. Fla. (2014) | 302 F.R.D. 657 | Granted in part | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| City of Sterling Heights General Employees' Retirement System v. Prudential Financial, Inc. | D.N.J. (2015) | 2015 WL 5097883 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Carpenters Pension Trust Fund of St. Louis v. Barclays PLC | S.D.N.Y. (2015) | 310 F.R.D. 69 | Granted | Y | Y | Y | Y | Y | Y | Neutral | Y |
| In re NII Holdings, Inc. Securities Litigation | E.D. Va. (2015) | 311 F.R.D. 401 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re: Petrobras Securities Litigation | S.D.N.Y. (2016) | 312 F.R.D. 354 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re NetSol Technologies, Inc. Securities Litigation | C.D. Cal. (2016) | 2016 WL 7496724 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Montage Technlogy Group Limited Securities Litigation | N.D. Cal. (2016) | 2016 WL 1598666 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re Barrick Gold Securities Litigation | S.D.N.Y. (2016) | 314 F.R.D. 91 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Thorpe v. Walter Investment Management, Corp. | S.D. Fla. (2016) | 2016 WL 4006661 | Granted in part | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Cobalt International Energy, Inc. Securities Litigation | S.D. Tex. (2017) | 2017 WL 2608243 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Willis v. Big Lots, Inc. | S.D. Ohio (2017) | 242 F.Supp.3d 634 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Marcus v. J.C. Penney Company, Inc. | E.D. Tex. (2017) | 2017 WL 907996 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Todd v. STAAR Surgical Company | C.D. Cal. (2017) | 2017 WL 821662 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Intuitive Surgical Securities Litigation | N.D. Cal. (2016) | 2016 WL 7425926 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Marcus v. J.C. Penney Company, Inc. | E.D. Tex. (2016) | 2016 WL 8604331 | Granted | Y | Y | Y | Y | Y | Y | N/A | N/A |
| West Palm Beach Police Pension Fund v. DFC Global Corp. | E.D. Pa. (2016) | 2016 WL 4138613 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Howard v. Liquidity Services Inc. | D.D.C. (2017) | 322 F.R.D. 103 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Louisiana Municipal Police Employees Retirement System v. Green Mountain Coffee Roasters, Inc. | D. Vt. (2017) | 2017 WL 3149424 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Kasper v. AAC Holdings, Inc. | M.D. Tenn. (2017) | 2017 WL 3008510 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Baker v. SeaWorld Entertainment, Inc. | S.D. Cal. (2017) | 2017 WL 5885542 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| In re Banc of California Securities Litigation | C.D. Cal. (2018) | 326 F.R.D. 640 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Angley v. UTi Worldwide Inc. | C.D. Cal. (2018) | 311 F.Supp.3d 1117 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Bing Li v. Aeterna Zentaris, Inc. | D.N.J. (2018) | 324 F.R.D. 331 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Monroe County Employees' Retirement System v. Southern Company | N.D. Ga. (2019) | 332 F.R.D. 370 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Norfolk County Retirement System v. Community Health Systems, Inc. | M.D. Tenn. (2019) | 332 F.R.D. 556 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re Signet Jewelers Limited Securities Litigation | S.D.N.Y. (2019) | 2019 WL 3001084 | Granted in part | Y | Y | Y | Y | Y | Y | Y | Y |
| Rooney v. EZCORP, Inc. | W.D. Tex. (2019) | 330 F.R.D. 439 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Rougier v. Applied Optoelectronics, Inc. | S.D. Tex. (2019) | 2019 WL 6111303 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Levy v. Gutierrez | D.N.H. (2019) | 448 F.Supp.3d 46 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Wilson v. LSB Industries, Inc. | S.D.N.Y. (2018) | 2018 WL 3913115 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Pirnik v. Fiat Chrysler Automobiles, N.V. | S.D.N.Y. (2018) | 327 F.R.D. 38 | Granted | Y | Y | Y | Y | Y | N/A | N/A | N/A |
| Villella v. Chemical and Mining Company of Chile Inc. | S.D.N.Y. (2019) | 333 F.R.D. 39 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| In re Xcelera.com Securities Litigation | First Circuit (2005) | 430 F.3d 503 | Affirmed, Granted | Y | Y | Y | N/A | Y | N/A | N/A | N/A |
| In re Petrobras Securities | Second Circuit (2017) | 862 F.3d 250 | Affirmed in part, Vacated in part | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

| In re DVI, Inc. Securities Litigation | Third Circuit (2011) | 639 F.3d 623 | Affirmed, Granted in part | N/A | N/A | N/A | N/A | Y | N/A | N/A | N/A |

**Cases where class certification was granted, but not all Cammer Factors were met**

| Title | Court (Year Decided) | Citation | Outcome | Cammer 1 - Weekly Trading Volume | Cammer 2 - Coverage by Securities Analysts | Cammer 3 - Market Makers and Arbitrageurs | Cammer 4 - SEC Form S-3 Eligibility | Cammer 5 - Cause-and-Effect Relationship | Krogman 1 - Market Capitalization | Krogman 2 - Bid-Ask Spread | Krogman 3 - Percentage of stock not held by insiders |
|---|---|---|---|---|---|---|---|---|---|---|---|
| In re Netbank, Inc. Securities Litigation | N.D. Ga. (2009) | 259 F.R.D. 656 | Granted | Y | Y | Neutral | Y | Y | Y | Y | Y |
| In re Initial Public Offering Securities Litigation | S.D.N.Y. (2009) | 260 F.R.D. 81 | Granted | Y | Y | Y | Neutral | Y | Y | Y | Y |
| In re SCOR Holding (Switzerland) AG Litigation | S.D.N.Y. (2008) | 537 F.Supp.2d 556 | Granted in part | Neutral | N | N | N | N | N/A | N/A | N/A |
| Lehocky v. Tidel Technologies, Inc. | S.D. Tex. (2004) | 220 F.R.D. 491 | Granted | Y | Neutral | Neutral | Neutral | Y | N/A | N/A | N/A |
| Crews v. Rivian Automotive, Inc. | C.D. Cal. (2024) | 2024 WL 3447988 | Granted | Y | Neutral | Y | Neutral | Y | N/A | N/A | N/A |
| Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharmaceuticals Industries Limited | E.D. Pa. (2023) | 2023 WL 7285167 | Granted | Y | Y | Y | Y | N/A | Y | Y | Y |
| Sheet Metal Workers National Pension Fund v. Bayer Aktiengesellschaft | N.D. Cal. (2023) | 2023 WL 3569981 | Granted | Y | Y | N | Y | Y | Y | Y | Y |
| Malriat v. QuantumScape Corporation | N.D. Cal. (2022) | 2022 WL 17974629 | Granted | Y | Y | Y | Y | Neutral | Y | Y | N |
| Första AP-Fonden v. St. Jude Medical, Inc. | D. Minn. (2015) | 312 F.R.D. 511 | Granted | Y | Y | Y | Y | Not decided | Y | Y | Y |
| Public Employees' Retirement System of Mississippi v. Mohawk Industries, Inc. | N.D. Ga. (2022) | 2022 WL 17920570 | Granted | Y | Y | Y | Y | Neutral | Y | Y | Y |
| In re Aphria, Inc. Securities Litigation | S.D.N.Y. (2022) | 342 F.R.D. 199 | Granted | Y | Y | Y | N/A | Y | N/A | N/A | N/A |
| Petrie v. Electronic Game Card, Inc. | C.D. Cal. (2015) | 308 F.R.D. 336 | Granted | Y | Y | Y | N | Y | N/A | Y | Y |
| Martínek v. AmTrust Financial Services, Inc. | S.D.N.Y. (2022) | 2022 WL 326320 | Granted | Y | N | Y | Y | Y | Y | Y | Y |
| In re Vale S.A. Securities Litigation | E.D.N.Y. (2022) | 2022 WL 122593 | Granted | Y | Y | Y | Y | Neutral | Y | Y | Y |
| In re Vale S.A. Securities Litigation | E.D.N.Y. (2022) | 2022 WL 969724 | Granted | Y | Y | Y | Y | Neutral | Y | Y | Y |
| Strougo v. Barclays PLC | S.D.N.Y. (2016) | 312 F.R.D. 307 | Granted | Y | Y | Y | Y | Not decided | Y | Y | Y |
| Beaver County Employees' Retirement Fund v. Tile Shop Holdings, Inc. | D. Minn. (2016) | 2016 WL 4098741 | Granted | Y | Y | Y | Y | N | Y | Y | Y |
| McIntire v. China MediaExpress Holdings, Inc. | S.D.N.Y. (2014) | 38 F.Supp.3d 415 | Granted | Y | N | Y | Y | Y | Y | Y | Y |
| Brokop v. Farmland Partners Inc. | D. Colo. (2021) | 2021 WL 4913970 | Granted in part | N/A | N/A | N/A | N/A | Y | N/A | N/A | N/A |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| In re Allergan PLC Securities Litigation | S.D.N.Y. (2021) | 2021 WL 4077942 | Granted | Y | Y | Y | Y | N/A | Y | Y | Y |
| In re Advance Auto Parts, Inc., Securities Litigation. | D. Del. (2020) | 2020 WL 6544637 | Granted | Y | Y | Y | Y | Neutral | Y | Y | Y |
| Vinh Nguyen v. Radient Pharmaceuticals Corp. | C.D. Cal. (2012) | 287 F.R.D. 563 | Granted | Y | Y/Neutral | Y | N | Y | N/A | Y | N/A |
| Bennett v. Sprint Nextel Corp. | D. Kan. (2014) | 298 F.R.D. 498 | Granted | Y | Y | N | Y | Y | Y | N | Y |
| Local 703, I.B. of T. Grocery and Food Employees Welfare Fund v. Regions Financial Corp. | N.D. Ala. (2012) | 282 F.R.D. 607 | Granted | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| City of Cape Coral Municipal Firefighters' Retirement Plan v. Emergent Biosolutions, Inc., HQ | D. Md. (2018) | 322 F.Supp.3d 676 | Granted | Y | Y | Y | Y | Y | Y | Y | Y |
| Pennsylvania Ave. Funds v. Inyx Inc. | S.D.N.Y. (2011) | 2011 WL 2732544 | Granted | Y | Y | Y | N/A | Y | Y | | Y |
| Buettgen v. Harless | N.D. Tex. (2011) | 2011 WL 1938130 | Granted | Y | Y | Y | N/A | Y | N/A | N/A | N/A |
| In re Dynex Capital, Inc. Securities Litigation | S.D.N.Y. (2011) | 2011 WL 781215 | Granted | Neutral | Y | Y | Y | Y | N/A | N/A | N/A |
| Cosby v. KPMG, LLP | E.D. Tenn. (2020) | 2020 WL 3548379 | Granted | Y | Y | Y | Y | Y | Y | Y | N/A |
| Di Donato v. Insys Therapeutics, Inc. | D. Ariz. (2019) | 333 F.R.D. 427 | Granted | Y | Y | Y | Y | N | Y | Y | Y |
| Dougherty v. Esperion Therapeutics, Inc. | E.D. Mich. (2020) | 2020 WL 3481322 | Granted | Y | Y | Y | Y | Neutral | N/A | N/A | N/A |
| Roofer's Pension Fund v. Papa | D.N.J. (2019) | 333 F.R.D. 66 | Granted | N | Y | Y | Y | Y | N/A | N/A | N/A |
| Dougherty v. Esperion Therapeutics, Inc. | E.D. Mich. (2020) | 2020 WL 2832252 | Granted | Y | Y | Y | Y | Neutral | N/A | N/A | N/A |
| In re Jeld-wen Holding, Inc. Securities Litigation | E.D. Va. (2021) | 2021 WL 1186326 | Granted | Y | N | Y | Y | Y | Y | Y | Y |
| Cheney v. Cyberguard Corp. | S.D. Fl. (2003) | 213 F.R.D. 484 | Granted | Y | Neutral | Y | Y | Y | Y | Y | Y |
| Waggoner v. Barclays PLC | Second Circuit (2017) | 875 F.3d 79 | Granted | Y | Y | Y | Y | Not necessary | Y | Y | Y |
| Local 703, I.B. of T. Grocery & Food Employees Welfare Fund v. Regions Financial Corp. | Eleventh Circuit (2014) | 762 F.3d 1248 | Affirmed in part, Vacated in part | N/A | Y | Y | Y | N/A | N/A | N/A | N/A |

| Cases where class certification was denied | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Title | Court (Year Decided) | Citation | Outcome | Cammer 1 - Weekly Trading Volume | Cammer 2 - Coverage by Securities Analysts | Cammer 3 - Market Makers and Arbitrageurs | Cammer 4 - SEC Form S-3 Eligibility | Cammer 5 - Cause-and-Effect Relationship | Krogman 1 - Market Capitalization | Krogman 2 - Bid-Ask Spread | Krogman 3 - Percentage of stock not held by insiders |
| In re American Intern. Group, Inc. Securities Litigation | S.D.N.Y. (2010) | 265 F.R.D. 157 | Denied for bond claims | N | N | N | Y | N | N/A | N/A | N/A |
| Ohio Public Employees Retirement System v. Federal Home Loan Mortgage Corporation | N.D. Ohio (2018) | 2018 WL 3861840 | Denied | Y | Y | Y | N | N | Y | Y | Y |
| Brown v. China Integrated Energy Inc. | C.D. Cal. (2014) | 2014 WL 12576643 | Denied | N/A | N/A | N/A | N/A | N | N/A | N/A | N/A |
| In re PolyMedica Corporation Securities Litigation | D. Mass. (2006) | 453 F.Supp.2d 260 | Denied | Y | Y | Y | Y | N | N/A | N/A | N/A |
| Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc. | S.D.N.Y. (2006) | 2006 WL 2161887 | Denied | Y | N | N | Y | N | N/A | N/A | N/A |
| In re Safety-Kleen Corp. Bondholders Litigation | D.S.C. (2004) | 2004 WL 3115870 | Denied | N | N | N | N/A | N | N/A | N | N/A |
| Hamilton Partners, Ltd. v. Sunbeam Corp. | S.D. Fl. (2001) | 2001 WL 34556527 | Denied | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N |
| Alter v. DBLKM, Inc. | D. Colo. (1993) | 840 F.Supp. 799 | Denied, MSJ on market efficiency | N | N | N | N | N | N/A | N/A | N/A |
| IBEW Local 90 Pension Fund v. Deutsche Bank AG | S.D.N.Y. (2013) | 2013 WL 5815472 | Denied | Y | Y | Y | Y | N | N/A | N/A | N/A |
| In re Bexar County Health Facility Development Corp. Securities Litigation | E.D. Pa. (1990) | 130 F.R.D. 602 | Denied | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| In re Vale S.A. Securities Litigation | S.D.N.Y. (2019) | 2019 WL 11032303 | Denied without prejudice because of adequacy and typicality | Y | Y | Y | Y | Y | Y | Y | Y |
| Colman v. Theranos, Inc. | N.D. Cal. (2018) | 325 F.R.D. 629 | Denied | N | N/A | N | N/A | N/A | N/A | N/A | N/A |
| Stanaford v. Genovese | S.D. Fl. (2016) | 2016 WL 4198146 | Denied | N | N | N | N | N | N | N | N/A |
| Dean v. China Agritech | C.D. Cal. (2012) | 2012 WL 1835708 | Denied | Y | N | Y | Y | N | N/A | N/A | N/A |
| In re Federal Home Loan Mortgage Corp. (Freddie Mac) Securities Litigation | S.D.N.Y. (2012) | 281 F.R.D. 174 | Denied | Y | Neutral | Y | Redundant | N | Y | Y | Y |
| In re Northfield Laboratories, Inc. Securities Litigation | N.D. Ill. (2010) | 267 F.R.D. 536 | Denied | N | N | N/A | N/A | N | N/A | N/A | N/A |

| Case | Court (Year) | Citation | Disposition | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Barrie v. Intervoice-Brite, Inc. | N.D. Tex. (2009) | 2009 WL 3424614 | Denied Because of Loss Causation | Y | Y | Y | Y | Y | Y | Y | Y |
| Krogman v. Sterritt | N.D. Tex. (2001) | 202 F.R.D. 467 | Denied | N | Neutral | Y | Y | N | Y | N | N |
| O'Neil v. Appel | W.D. Mich. (1996) | 165 F.R.D. 479 | Denied | N | N | Neutral | N | N | N | N/A | N |
| Shupe v. Rocket Companies, Inc. | E.D. Mich. (2024) | 752 F.Supp.3d 735 | Denied | Y | Y | Y | N | Y | Y | Y | Y |
| Serfaty v. Int'l Automated Sys., Inc. | D. Utah | 180 F.R.D. 418 | Denied | N | N | N | N | N | N/A | N/A | N/A |
| Edwards v. McDermott International, Inc. | S.D. Tex. (2024) | 2024 WL 873054 | Denied without prejudice | Y | Y | Y | Y | Y | N/A | N/A | Y |
| Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc. | Second Circuit (2008) | 546 F.3d 196 | Affirmed, Denied | Y | N | N | Y | N | N/A | N/A | N/A |
| Bell v. Ascendant Solutions, Inc. | Fifth Circuit (2005) | 422 F.3d 307 | Affirmed and remanded, Denied | N | N | N | N/A | N | N/A | N/A | N/A |
| Freeman v. Laventhol & Horwath | Sixth Circuit (1990) | 915 F.2d 193 | Vacated, Denied | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |